IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 08-CR-01669 JB |
| ) | 16-CV-740 |
| RICHARD McKENZIE, ) | |
| ) | |
| Defendant. ) | |

## MOTION TO CORRECT SENTENCE UNDER 28 U.S.C. § 2255

Petitioner, Richard McKenzie, by and through his counsel of record, Jason Bowles of Bowles Law Firm, hereby files a motion to set aside the judgment in this case and correct his sentence pursuant to 28 U.S.C. § 2255.

On September 7, 2012, this Court sentenced Mr. McKenzie to a term of 262 months imprisonment after finding that he was a career offender under U.S.S.G. § 4B1.1. The Court found Mr. McKenzie to be a career offender after adopting the finding of the presentence report that his instant offense was a "crime of violence" and that he had at least two qualifying prior convictions that supported the career offender enhancement.  Specifically, the Court found that Mr. McKenzie had a conviction for criminal sale of a controlled substance (felony) and "robbery aided by another" that qualified as a "crime of violence".

However, in light of the Supreme Court's recent decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), Mr. McKenzie may no longer be a career offender because his prior conviction for robbery aided by another may no longer qualify as a career offender "crime of violence."[1]

In *Johnson,* the Supreme Court struck down the Armed Career Criminal Act's (ACCA) residual clause (18 U.S.C. § 924(e)(2)(B)(ii)) as unconstitutionally vague. 135 S. Ct. at 2557. It follows from *Johnson* that the identical residual clause in the career offender provision (U.S.S.G. § 4B1.2(a)(2)) is also void for vagueness. Thus, the only remaining question here is whether Mr. McKenzie's prior offense for "robbery aided by another" qualifies as a "crime of violence" under the remaining "enumerated offenses" clause or "force" clause of the career offender provision (U.S.S.G. § 4B1.2(a)).

Full briefing is necessary to determine whether Mr. McKenzie has the two necessary predicate convictions (either "crimes of violence" or "controlled substance offenses") to qualify him as a career offender, and whether, if not, his current sentence violates due process of law in violation of 28 U.S.C. § 2255(a). Mr. McKenzie previously filed a 2255 petition on other grounds, which this Court denied, and which was upheld by

---

[1] Under the career offender provision, an offense qualifies as a "crime of violence" if it is "punishable by imprisonment for a term exceeding one year" and it

(1) has an element the use, attempted use, or threatened use of physical force against the person of another; [known as the force clause] or

(2) is burglary of a dwelling, arson, or extortion, involves use of explosives [known as the enumerated offenses clause], *or otherwise involves conduct that presents a serious potential risk of physical injury to another*[ known as the residual clause.]

U.S.S.G. § 4B1.2(a) (emphasis added).

the Tenth Circuit. Thus, this is a successive petition. Counsel has filed a motion in the Tenth Circuit requesting authority for Mr. McKenzie to file this successive petition. That motion is pending.

Mr. McKenzie's petition is timely under 28 U.S.C. § 2255(f)(3) because he filed it within one year of the Supreme Court's decision in *Johnson* – a ruling which established a "newly recognized" right that is "retroactively applicable to cases on collateral review." Thus, Mr. McKenzie respectfully requests that this Court grant his § 2255 motion, upon approval to file by the Tenth Circuit, permit full briefing, and to vacate his current sentence, and re-sentence him.

Due to time constraints, counsel cannot, at this time, fully brief the issues presented in this petition. Nonetheless, counsel will ask for leave to supplement this petition at a later time.

Respectfully submitted,

/s/ Jason Bowles
Jason Bowles
Bowles Law Firm
P.O. Box 25186
Albuquerque, N.M.  87125-5186
(505) 217-2680

I hereby certify that a true and correct copy
of the foregoing was electronically submitted
this 22nd day of June, 2016 to:

Samuel Hurtado
Assistant United States Attorney


/s/ Jason Bowles
Jason Bowles
Bowles Law Firm