IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 08-CR-01669 JB |
| | ) | 16-CV-740 |
| RICHARD McKENZIE, | ) | |
| | ) | |
| Defendant. | ) | |

**SUPPLEMENTAL MOTION TO CORRECT SENTENCE UNDER 28 U.S.C. § 2255**

Petitioner, Richard McKenzie, by and through his counsel of record, Jason Bowles of Bowles Law Firm, hereby files a supplemental motion to set aside the judgment in this case and correct his sentence pursuant to 28 U.S.C. § 2255. Mr. Mckenzie filed his original Motion to Correct Sentence on June 22, 2016. Thereafter, he filed an unopposed motion for leave to file this supplement, and this Court granted the motion, with a due date of August 15, 2016.

**Background**

On September 7, 2012, this Court sentenced Mr. McKenzie to a term of 262 months imprisonment after finding that he was a career offender under U.S.S.G. § 4B1.1. The Court found Mr. McKenzie to be a career offender after adopting the finding of the presentence report that his instant offense was a "crime of violence" and that he had at least two qualifying prior convictions that supported the career offender enhancement. Specifically, the Court found that Mr. McKenzie had a conviction for criminal sale of a controlled substance (felony) and "robbery aided by another" that qualified as a "crime of violence".

Under the career offender provision, an offense qualifies as a "crime of violence" if it is "punishable by imprisonment for a term exceeding one year" and it

> (1) has an element the use, attempted use, or threatened use of physical force against the person of another; [known as the force clause] or
>
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives [known as the enumerated offenses clause], *or otherwise involves conduct that presents a serious potential risk of physical injury to another* [known as the residual clause.]

U.S.S.G. § 4B1.2(a) (emphasis added).

In light of the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), Mr. McKenzie should no longer be characterized as a career offender because his prior conviction for robbery aided by another does not qualify as a career offender "crime of violence," under the vague "residual clause" or the "force" clause of the career offender provision (U.S.S.G. § 4B1.2(a)). Accordingly, Mr. McKenzie respectfully requests this Court grant his motion, find that under *Johnson*, his prior offense of robbery aided by another does not qualify as a predicate for the career offender guidelines, and resentence him. *See Molina-Martinez v. United States*, 136 S.Ct. 1338, 1345 (2016) ("When a defendant is sentenced under an incorrect Guidelines range—whether or not the defendant's ultimate sentence falls within the correct range—the error itself can, and most often will, be sufficient to show a reasonable probability of a different outcome absent the error.").

**1. *Johnson* renders the career offender residual clause void for vagueness.**

Mr. McKenzie's offense for robbery aided by another cannot qualify under § 4B1.1(a)(2)'s residual clause, defining a "crime of violence" as "otherwise involv[ing] conduct that presents a serious potential risk of physical injury to another," because that clause is void for vagueness. In *Johnson*, the Supreme Court declared the identical residual clause of the ACCA (18 U.S.C. § 924(e)(2)(B)(ii)) to be "unconstitutionally vague" because the "indeterminancy of the wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges." *Johnson*, 135 S. Ct. at 2557. Thus, "[i]ncreasing a defendant's sentence under the clause denies due process of law." *Id*. The court held the residual clause "vague in all its applications," *id*. at 2561, and overruled its contrary decision in *James v. United States*, 550 U.S. 192 (2007), and *Sykes v. United States*, 131 S. Ct. 2267 (2011).

*Johnson* applies to § 4B1.2(a)(2)'s residual clause. Because § 4B1.2(a)(2)'s residual clause is identical to the ACCA's residual clause, the Tenth Circuit interprets the clauses identically. *United States v. Wray*, 776 F.3d 1182, 1184-85 (10th Cir. 2015) (because "[t]he 'crime of violence' definition set forth in the career-offender guideline, § 4B1.2 is virtually identical to the definition of 'violent felony' contained in the Armed Career Criminal Act (ACCA)[,]...[o]ur approach [] is guided by a line of Supreme Court cases interpreting the scope of § 924(e)(2)(B)") (citations omitted). [1]

[1] *See also United States v. Willings*, 588 F.3d 56, 58 n.2 (1st Cir. 2009) ("[T]he terms 'crime of violence' under the career offender guideline and 'violent felony' under the ACCA are nearly identical in meaning, so that decisons construing one term inform the construction of the other."); *United States v. Mead*, 773 F.3d 429, 432 (2d Cir. 2014) ("In interpreting the reach of § 4B1.2(a)(2)'s residual clause, we employ a categorical approach, with an eye to case law interpreting an identical clause in the ACCA that defines 'violent felony.'"); *Royce v. Hahn*, 151 F.3d 116, 120 (3d Cir.1998) ("crime of violence" and "violent felony" "should be read consistently with each other"); *United*

*States v. Vann*, 660 F.3d 771, 773 n.2 (4th Cir. 2011) (en banc) ("We routinely rely on decisions interpreting either of those enhancement provisions in ascertaining whether a prior conviction is a crime of violence under the Guidelines or a violent felony under the ACCA"); *United States v. Carthorne*, 726 F.3d 503, 511 n.6 (4th Cir. 2013) ("We rely on precedents addressing whether an offense is a crime of violence under the Guidelines interchangeably with precedents evaluating whether an offense constitutes a violent felony under the Armed Career Criminal Act...as the two terms are defined in a substantively identical manner") (internal quotation marks and citation omitted); *United States v. Moore*, 635 F.3d 774 (5th Cir. 2011) ("Because of the similarities between...4B1.2(a)...and 18 U.S.C. § 924(e), we treat cases dealing with these provisions interchangeably."); *United States v. Denson*, 728 F.3d 603, 607 (6th Cir. 2013) ("[W]e analyze a crime of violence under the career-offender guideline just as we do a 'violent felony' under the Armed Career Criminal Act (ACCA)"); *United States v. Womack*, 610 F.3d 427, 433 (7th Cir. 2010) ("We interpret coterminously the ACCA and the career offenders § 4B1.1 provision."); *United States v. Boose*, 739 F.3d 1185, 1187 n.1 (8th Cir. 2014) ("[W]e construe 'violent felony' under [the ACCA] and 'crime of violence' under the Guidelines as interchangeable, including the corresponding...residual clauses."); *United States v. Coronado*, 603 F.3d 706, 709 (9th Cir. 2010) ("[B]ecause the language of both the ACCA and the [career offender] Guideline adopt the same 'serious risk of injury' test...the definitions should be interpreted similarly."); *United States v. Alexander*, 609 F.3d 1250, 1253 (11th Cir. 2010) ("[T]he residual clauses are identical[.] Accordingly, we look to the Supreme Court's opinions applying the ACCA...for guidance in considering whether an offense qualifies as a crime of violence under the Sentencing Guidelines."); *In re Sealed Case*,548 F.3d 1085, 1089 (D.C. Cir. 2008) ("As this language mirrors the definitions of a 'violent felony' under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B)(i), we apply the ACCA standard to determine whether an offense qualifies as a crime of violence under section 4B1.2.").

Indeed, the Court in Johnson relied on four lower court decisions interpreting § 4B1.2(a)(2)'s residual clause (and only two ACCA decisions) to demonstrate that it "has proved nearly impossible" to "make sense of the residual clause." *See* 135 S. Ct. at 2559-60 (analyzing *United States v. Carthorne*, 726 F.3d 503 (4th Cir. 2013); *United States v Whitson*, 597 F.3d 1218 (11th Cir. 2010); *United States v. McDonald*, 592 F.3d 808 (7th Cir. 2010); *United States v. Williams*, 559 F.3d 1143 (10th Cir. 2009)). And the Court has vacated and remanded seventeen lower court decisions in which defendants had been sentenced under § 4B1.2(a)'s residual clause, including five cases on collateral review, in light of *Johnson*.[2]

The Second, Third, Sixth, and Tenth Circuits have held that *Johnson* invalidates the identical language in the Guidelines.[3] As the Tenth Circuit explained, "Given our reliance on the ACCA for guidance in interpreting § 4B1.2, it stretches credulity to say that we could apply the residual clause of the Guidelines in a way that is constitutional,

---

2 These include fifteen career offender cases, see *Caldwell v. United States*, 136 S. Ct. 417 (2015); *Banks v. United States*, 136 S. Ct. 365 (2015); *McCarthren v. United States*, 136 S. Ct. 332 (2015); *Gonzales v. United States*, 136 S. Ct. 84 (2015); *Maldonado v. United States*, 135 S. Ct. 2929 (2015); *Smith v. United States*, 135 S. Ct. 2930 (2015); *Vinales v. United States*, 135 S. Ct. 2928 (2015); *Richardson v. United States*, No. 15-6053, 2016 WL 763200 (S. Ct. Feb. 29, 2016); *Moon v. United States*, No. 15-7189, 2016 WL 1173109 (S. Ct. Mar. 28. 2016); *Jeffries v. United States*, No 15-7300, 2016 WL 1173110 (S. Ct. Mar. 28, 2016); *Beckles v. United States*, 135 S. Ct. 2928 (2015) (§ 2255 motion); *Jones v. United States*, 135 S. Ct. 2944 (2015) (§ 2255 motion); *Jones v. United States*, 136 S. Ct. 333 (2015) (§ 2255 motion); *Wynn v. United States*, 135 S. Ct. 2945 (2015) (§ 2255 motion); one § 2K2.1 case, see *Talmore v. United States*, 135 S. Ct. 2937 (2015); and one § 7B1.1 case, see *Cooper v. United States*, 135 S. Ct. 2938 (2015).

3 *United States v. Madrid*, 805 F.3d 1204, 1210-11 (10th Cir. 2015); *United States v. Pawlak*, __ F.3d __, 2016 WL 2802723 (6th Cir. May 13, 2016); *United States v. Townsend*, __ F. App'x__, 2015 WL 9311394, at *4 (3d Cir. Dec. 23, 2015); *United States v. Welch*, No. 12-4402, 2016 WL 536656, at *4 (2d Cir. Feb. 11, 2016).

when courts cannot do so in the context of the ACCA."[4] Thus, all courts of appeals to have considered the issue but one (Eleventh Circuit) have held or assumed that *Johnson's* holding applies to the residual clause in the career offender guidelines. *See id.*; *But see United States v. Matchett,* 802 F.3d 1185 (11th Cir. 2015). The Supreme Court will resolve this circuit split in *Beckles v. United States*, 2016 WL 1029080 (cert. granted June 27, 2016) (No. 15-8544). The Sentencing Commission, effective August 1, 2016, has also deleted the residual clause from § 4B1.2(a)(2) and made changes to the definition of "crime of violence." 81 Fed. Reg. 4741, 4742 (Jan. 27, 2016), available at http://www.ussc.gov/sites/efault/files/20150121_FR_Final.pdf.[5] Mr. McKenzie's conviction no longer qualifies as a "crime of violence" under the now-void residual clause.

**2. The categorical approach applies**

In determining whether an offense qualifies as a "crime of violence" under the elements clause, sentencing courts must employ the categorical approach. *See Descamps v. United States*, 133 S. Ct. 2276, 2283 (2013); *Mathis v. United States*, No. 15-6092

[4] *Madrid*, 805 F.3d at 1211.

[5] As amended, the text of U.S.S.G. § 4B1.2(a) provides as follows:

(a) The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that--
(1) has an element the use, attempted use, or threatened use of physical force against the person of another, or
(2) is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm described in 26 U.S.C. § 5845(a) or explosives material defined in 18 U.S.C. § 841(c).

This amended version cannot be applied to Mr. McKenzie's resentencing, if any, under the *Ex Post Facto* clause, as the enumeration of "robbery" is new, and potentially creates a harsher result than the guidelines in effect before August 1, 2016. *Peugh v. United States*, 133 S.Ct. 2072 (2013).

(U.S. June 23, 2016) (applying the categorical approach to invalidate use of an Iowa burglary conviction under the ACCA, reaffirming the categorical approach). This approach requires that courts "look only to the statutory definitions--i.e., the elements--of a defendant's [offense] and not to the particular facts underlying [the offense]" in determining whether the offense qualifies as a "crime of violence." *Descamps*, 133 S. Ct. at 2283 (internal quotation marks and citation omitted). Under the categorical approach, an offense can only qualify as a "crime of violence" if all of the criminal conduct covered by a statute matches or is narrower than the "crime of violence" definition. If the most innocent conduct penalized by a statute does not constitute a "crime of violence," then the statute categorically fails to qualify as a "crime of violence."

As a result, post-*Descamps*, for an offense to qualify as a "crime of violence" under the elements clause, the offense must have as an element the use, attempted use, or threatened use of "physical force" against another person. U.S.S.G § 4B1.2(a)(1). And "physical force" means "*violent* force--that is, force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010) (emphasis in original).

3. **Mr. Mckenzie's prior crime of robbery aided by another does not qualify under the force clause under the categorical approach, as a "crime of violence"**

Very recently, on July 21, 2016, the Second Circuit held in *United States v. Jones*, that first-degree robbery in New York does not constitute a predicate "crime of violence" within the meaning of U.S.S.G. §§ 4B1.1(a) and 4B1.2(a), in all instances. *United States v. Jones*, No. 15-1518 (2d Cir. July 21, 2016). Following conviction after a jury trial, for assaulting a federal officer in violation of 18 U.S.C. § 111, a United States District Judge

in the Eastern District of New York sentenced Mr. Jones to 180 months, finding that he was a career offender. As part of that finding, the Court determined that first-degree robbery in New York was a predicate "crime of violence" under the guidelines.

On appeal, the Second Circuit reversed and remanded for resentencing. The Court held that "a first-degree robbery conviction in New York is no longer necessarily a conviction for a 'crime of violence' as that term is defined in the Career offender Guideline." The Court analyzed the New York robbery statute and its elements, under the categorical and modified categorical approach set forth in *Descamps*. The Court found that New York's robbery statute was "divisible" and hence eligible for modified categorical analysis. The Court then found that it could not employ the modified approach because the underlying facts were not in the record, and so the Court analyzed the "least of [the] acts" described in the first-degree robbery statute – "forcible stealing" while "armed with a deadly weapon." The Court noted that New York appellate court decisions had found that under the robbery statute, "forcible stealing" does not necessarily involve the use of "violent force." The Court noted that all degrees of robbery in New York involve "forcible stealing", but that appellate courts had interpreted that to not always involve "force capable of causing physical pain or injury to another," *Johnson*, 559 U.S. at 140. The Court further determined that "forcible stealing," can be committed by an individual's possession of a firearm during a robbery, even when that firearm is never used or brandished. Therefore, the Court found that first-degree robbery is not necessarily a predicate crime of violence under the guidelines.

In this case, Mr. McKenzie was convicted of second-degree robbery under the New York robbery statute. Presentence Report at ¶ 33, 42. Applying *Jones*, Mr.

McKenzie's second-degree robbery conviction is not a predicate crime of violence under the guidelines. In New York, all categories of "robbery" involve "forcible stealing" and generic third-degree robbery is proven by: (1) the defendant committed larceny and (2) used or threatened the immediate use of physical force upon another person, (3) with the intent of either effectuating the taking of property or its retention. The different categories, first, second or third-degree robbery, are then determined by the inclusion or absence of various factors. Second-degree robbery is committed when a defendant is aided by another physically present person, which is what occurred with regard to Mr. McKenzie's conviction. Presentence Report at ¶ 33, 42.

Like in *Jones*, it appears that the underlying facts of Mr. McKenzie's robbery conviction are unavailable. *See id.* at 42. Thus, this Court would analyze the New York robbery statute in the same manner as *Jones*, applying the categorical approach and looking at the "least of the acts" which would violate the statute. The "least acts" which could constitute second-degree robbery could be "forcible stealing" from another, with another person aiding the stealing, but without "violent force" being applied. While these elements include a "force" component, second-degree robbery, like first-degree robbery, can be committed without the use of "violent force" discussed in *Johnson*, or "force capable of causing physical pain or injury to another," *Johnson*, 559 U.S. at 140. The presence of another person during a robbery does not necessarily involve the application or use of "violent force", even though it may be a "show of force" to involve an accessory in the robbery. Accordingly, for all of these reasons, Mr. McKenzie's prior conviction for robbery aided by another does not constitute a crime of violence under the guidelines definition.

Mr. McKenzie accordingly respectfully requests this Court to vacate his sentence and remand for resentencing.

Respectfully submitted,

/s/ Jason Bowles

Jason Bowles
Bowles Law Firm
P.O. Box 25186
Albuquerque, N.M. 87125-5186
(505) 217-2680

I hereby certify that a true and correct copy of the foregoing was electronically submitted this 9th day of August, 2016 to:

Samuel Hurtado
Assistant United States Attorney

/s/ Jason Bowles

Jason Bowles
Bowles Law Firm